```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x
```

LUIS ALCALA,

                Plaintiff,                **MEMORANDUM & ORDER**
                                                    23-CV-09507(EK)(LB)
                                                         and
            -against-                    24-CV-03024(EK)(LB)

OFFICE OF CRIME VICTIMS SERVICES,

                Defendant.[1]

```
-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

        Plaintiff Luis Alcala brought two complaints alleging that he was improperly denied compensation from the New York State Office of Victim Services after he was injured on a city street and after his property was stolen.[2]  Proceeding *pro se*, he invokes this court's federal-question jurisdiction pursuant to 28 U.S.C. § 1331.  His requests to proceed *in forma pauperis* ("IFP") are granted.  For the reasons discussed below, however, both actions must be dismissed.

                            **I.    Background**

        Plaintiff asserts that he is bringing both actions under the Crime Victims' Rights Act of 2004 ("CVRA") and N.Y.

---

[1] The defendant's proper name appears to be the New York State "Office of Victim Services," and this order will refer to it as such.

[2] Because of the significantly overlapping claims and issues of law in the two cases, the Court addresses them here in a single opinion.  The Court does not, however, consolidate the cases.

Exec. Law § 632-A. Compl., Case No. 23-cv-9507, ECF No. 1 ("Compl. I"); Compl. Case No. 24-cv-3024, ECF No. 1 ("Compl. II"). The following facts are drawn from Alcala's complaints and assumed to be true for the purpose of this Memorandum & Order. *See, e.g.*, *Barreto v. Cnty. of Suffolk*, 455 F. App'x 74, 75 (2d Cir. 2012).

In the first case Alcala alleges that on June 4, 2020, he was hit and knocked down by a woman on a skateboard. Compl. I at 7-8. He lost his wallet when he was knocked down. Following the incident, he went to the police station and sought compensation from the Office of Victim Services,[3] which denied his request. *Id.* For relief, Alcala seeks $200.00 for "theft" and $450.00 for court fees. *Id.* at 5.

In the second case, Alcala states that in 2017, he went to retrieve a package, and when he returned to his apartment a table was missing. Compl. II at 7. He contacted the police, who allegedly advised him to report the table as stolen property. *Id.* Alcala sought compensation from the Office of Victim Services, which denied his request. *Id.* at 8. He seeks $500.00 in damages. *Id.* at 6.

## II. Standard of Review

---

[3] The New York State Office of Victim Services website provides information on filing a compensation claim. *See* https://ovs.ny.gov/ (last visited January 3, 2025). A Plaintiff who is denied compensation may file an appeal in the state Supreme Court pursuant to CPLR Article 78.

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).[4] When considering dismissal for lack of subject matter jurisdiction under Rule 12(b)(1), a court must "accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Bohnak v. Marsh & McLennan Companies, Inc.*, 79 F.4th 276, 283 (2d Cir. 2023); *Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006). Though all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal* 556 U.S. 663, 678 (2009).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys. The Court is required to read the *pro se* complaints here liberally, interpreting them to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an *in forma pauperis* action where it is satisfied that the action "(i)

---

[4] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

### III. Discussion

The subject matter jurisdiction of the federal courts is limited. If this Court "determines at any time that it lacks subject-matter jurisdiction," we "must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (holding that a district court must dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it.").

Alcala invokes the court's federal-question jurisdiction under 28 U.S.C. § 1331. That statute provides federal courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case properly invokes this jurisdiction when federal law creates the plaintiff's cause of action. *See Sunvestment Energy Grp. NY 64 LLC v. Nat'l Grid USA Servs. Co.*, 116 F.4th 106, 115 (2d Cir. 2024). **Sovereign Immunity.** Construing Alcala's allegations to "raise the strongest arguments they suggest," *McLoed v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017), the complaint still does not

4

suggest a basis for subject matter jurisdiction. First, the Office of Victim Services is a New York State agency. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). This is a jurisdictional issue. *Id.* at 361.

"The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977); *Powell v. New York*, No. 23-CV-9513, 2023 WL 8720283, at *1 (S.D.N.Y. Dec. 18, 2023). Alcala's claim against the Office of Victim Services is barred by the Eleventh Amendment because he seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

***Absence of a Private Right of Action.*** Even if Alcala had named a defendant that was amenable to suit, he could not successfully invoke this Court's jurisdiction by alleging a CVRA violation. The CVRA does not apply outside the context of a federal criminal case. *See In re W.R. Huff Asset Mgmt. Co.*,

5

*LLC*, 409 F.3d 555, 564 (2d Cir. 2005) ("[T]he CVRA does not grant victims any rights against individuals who have not been convicted of a crime.")  Here, Alcala does not allege that he was the victim of a federal crime, let alone that the person who injured him or who stole his property was federally prosecuted.  Thus, Alcala is not entitled to restitution under the CVRA.

Moreover, and perhaps more importantly, the CVRA provides no private right of action.  *See In re Wild*, 994 F.3d 1244, 1247 (11th Cir. 2021); *United States v. Rubin*, 558 F. Supp. 2d 411, 428 (E.D.N.Y. 2008) ("Again, the Congress has given no indication whatsoever that it somehow intended the CVRA to waive sovereign immunity and allow a private right of action for damages against the United States, which is the only sort of retrospective relief the Court.")

## IV. Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B).  Any state law claims are dismissed without prejudice.[5]

The Clerk of Court is respectfully directed to enter judgment in 23-cv-09507 and 24-cv-3024, and to mail a copy of

---

[5] The Court offers no opinion as to any claim Alcala may pursue in state court.

this Memorandum and Order to the *pro se* Plaintiff, and note the mailing on the docket.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S.438, 444-45 (1962).

SO ORDERED.

                                       /s/ Eric Komitee
                                       ERIC KOMITEE
                                       United States District Judge

Dated:     January 7, 2025
             Brooklyn, New York